22852

In the Matter of Betty T. WYATT, Magistrate for
Oconee County, Respondent.
(367 S. E. (2d) 22)

Supreme Court

---

*Bruce A. Byrholdt*, of *Chapman, King & Byrholdt*, Anderson, *for respondent*.

Submitted March 7, 1988.

Decided April 4, 1988.

*Per Curiam:*

Respondent has been charged with acts of judicial misconduct which occurred during her term as Magistrate for Oconee County. She admits the material allegations of the complaint and consents to a public reprimand. We accept respondent's admission and publicly reprimand her.

The complaint charges respondent with misconduct in three (3) areas. First, respondent is charged with abusing her office by obtaining her daughter and son-in-law's release from the Oconee County Detention Center.

In the early evening of May 1, 1987, respondent's daughter and son-in-law, Rhonda and Roy Burrell, along with approximately thirteen (13) other persons were arrested for selling marijuana and incarcerated in the Oconee County Detention Center. The Burrells both telephoned respondent who arrived at her office shortly thereafter. Respondent's office, the sheriff's department and the detention center are all located in the Oconee County Law Enforcement Center.

Respondent spoke with the chief deputy sheriff and the narcotics investigator and expressed concern over "her children's" arrests. Respondent then signed an order of release for Rhonda and Roy Burrell and instructed the chief deputy sheriff to release them. The two were released without the required bond hearing and without signing any bond forms.

The other individuals arrested with the Burrells remained in jail overnight and were presented for bail the following morning.

Second, respondent is charged with allowing office personnel to sign her name to official documents and failing to maintain proper control of a warrant book. Sometime after March 1987, respondent instructed an employee to sign respondent's name to an order of release if the employee was unable to contact another judge.

In late January 1987, an employee of the Walhalla Magistrate's Office signed respondent's name to an arrest warrant. This was done in respondent's absence with her knowledge and approval.

Respondent left warrant books in an unlocked drawer in the Oconee County Sheriff's Department Communication Office Console. The books were subject to random use by deputies who, with respondent's knowledge and approval, removed warrants, signed them as affiant and otherwise left the warrants blank. The warrants, with attached copies of incident reports, were picked up by respondent's employees and completed. Respondent signed the warrants without placing the affiant under oath and obtaining the necessary information to establish probable cause.

Finally, respondent is charged with failing to properly maintain records of all monies collected by her office. In 1986 and 1987 respondent maintained a make-shift time payment system in her office for the payment of fines. Respondent and her office personnel kept cash in envelopes in several desk drawers in respondent's office. The money was receipted to the individual making the payment on a plain piece of paper and the cash remained in an envelope in a desk drawer until full payment was received. No receipts, docket entries or deposits were made until full payment was received.

Respondent has abused her office by using her influence to obtain favorable treatment for relatives. She has violated S. C. Code Ann. § 22-3-710 (1976) which requires an arrest warrant be issued only upon information under oath. Respondent has violated S. C. Code Ann. § 22-1-90 (1976) which requires every magistrate to make a full and accurate statement in writing of all monies collected by her on account of

fines, penalties or forfeitures. Additionally, she has violated the record-keeping procedures promulgated by the Division of Court Administration and the orders of this Court. Respondent has failed to properly dispose of business of the court, has failed to diligently discharge her administrative responsibilities and has failed to require her staff and court officials subject to her direction and control to observe the same standards which applied to her.

The actions of respondent constitute gross judicial misconduct and she is therefore publicly reprimanded.