OFFICE OF DISCIPLINARY COUNSEL *v.* KUBILUS, JUDGE.

[Cite as *Disciplinary Counsel v. Kubilus*, 101 Ohio St.3d 29, 2003-Ohio-6610.]

*Judges — Misconduct — Public reprimand — Failing to uphold integrity and independence of the judiciary — Failing to respect and comply with the law at all times and act in a manner that promotes public confidence in the integrity and impartiality of the judiciary — Failing to hear and decide assigned matters — Permitting others to convey the impression that they are in a special position to influence the judge.*

(No. 2003-1518 — Submitted October 20, 2003 — Decided December 31, 2003.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 03-004.

_____

**Per Curiam.**

{¶1} Respondent, Richard Joseph Kubilus, Attorney Registration No. 0014766, has been a judge of the Canton Municipal Court since January 1, 1993. Each morning, every judge of the Canton Municipal Court drafts an entry on the case jacket for each defendant who has been arrested overnight for violating a previous sentence or order of the judge. The case jackets are then given to the arraignment judge, who reads the entry to each defendant in open court.

{¶2} On six occasions from August 2000 through April 2001, six defendants previously sentenced by respondent were arrested for failing to follow court orders and were brought before the municipal court during respondent's temporary absence. Under respondent's standard procedure, when criminal defendants who had failed to abide by court orders were arrested and brought to court during respondent's absence, he would have his administrative assistant create an entry on the case jacket for the arraignment judge to hold the defendant

in jail until a jail review hearing could be held when respondent returned. The administrative assistant is not a judge, magistrate, or attorney.

{¶3} In another instance, respondent's administrative assistant signed respondent's name on an Ohio Bureau of Motor Vehicles form following an administrative suspension of a driver's license of a defendant previously convicted by respondent. The administrative assistant informed respondent that she had signed his name on the form, and he advised her that that was acceptable.

{¶4} In a final matter, on February 26, 2002, respondent's administrative assistant was given a request from the sheriff under R.C. 2947.151 for a reduction in a defendant's jail sentence. Without consulting respondent, the administrative assistant wrote "denied" on the request form and filed it with the clerk. When the administrative assistant returned to the courtroom, she advised respondent what she had done, and he confirmed that she had acted appropriately.

{¶5} On January 29, 2003, relator, Disciplinary Counsel, filed a complaint charging respondent with having violated several Canons of the Code of Judicial Conduct. After respondent answered the complaint, the parties filed stipulations, and the matter was referred to a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court.

{¶6} The panel found the facts as previously set forth and concluded that respondent's conduct violated Canon 1 (judge shall uphold the integrity and independence of the judiciary), Canon 2 (judge shall respect and comply with the law and shall at all times act in a manner that promotes public confidence in the integrity and impartiality of the judiciary), Canon 3(B)(1) (judge shall hear and decide matters assigned to the judge), and Canon 4(A) (judge shall not permit others to convey the impression that they are in a special position to influence the judge) of the Code of Judicial Conduct.

{¶7} In mitigation, the parties stipulated that respondent discontinued the practice of allowing his administrative assistant to create arraignment hearing

entries immediately upon being informed by relator that this practice was inappropriate. Respondent also has no prior disciplinary record and fully cooperated with relator's investigation. Respondent testified that his administrative assistant never exercised her independent judgment about penalties or sanctions during the pertinent period.

{¶8} The panel adopted the stipulated sanction and recommended that respondent be publicly reprimanded. The board adopted the findings, conclusions, and recommendation of the panel and further recommended that the costs of the proceedings be taxed to respondent.

{¶9} We adopt the findings, conclusions, and recommendations of the board. As the board determined, other courts have held that a public reprimand is an appropriate sanction for a judge or magistrate committing comparable misconduct. See *In re Seal* (Miss.1991), 585 So.2d 741 (judge received public reprimand and fine of $500 for conduct that included allowing clerical personnel to adjudicate certain traffic cases); *In re Wyatt* (1988), 295 S.C. 34, 367 S.E.2d 22 (magistrate publicly reprimanded for misconduct that included allowing office employees to sign warrants without properly swearing in affiants); see, generally, Annotation, Removal or Discipline of State Judge for Neglect of, or Failure to Perform, Judicial Duties (1991), 87 A.L.R.4th 727, 756-757, Section 10. Under the circumstances here, we agree that a public reprimand is warranted.

{¶10} Respondent is hereby publicly reprimanded. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

_____

Jonathan E. Coughlan, Disciplinary Counsel, and Robert R. Berger, Assistant Disciplinary Counsel, for relator.

George D. Jonson, for respondent.

_____