OHIO STATE BAR ASSOCIATION *v.* GOLDIE.

[Cite as *Ohio State Bar Assn. v. Goldie,*
**107 Ohio St.3d 201, 2005-Ohio-6186.**]

(No. 2005–1107—Submitted August 23, 2005—Decided December 7, 2005.)

**Per Curiam.**

{¶ 1} Respondent, Susan L. Goldie of Xenia, Ohio, Attorney Registration No. 0018439, was admitted to the practice of law in Ohio in 1978.

{¶ 2} On October 11, 2004, relator, Ohio State Bar Association, charged that respondent had violated the Code of Judicial Conduct while serving as a judge of the Xenia Municipal Court. The parties later waived a hearing in the cause and stipulated that respondent had violated Canon 2 of the Code of Judicial Conduct, which requires that a judge respect and comply with the law and act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary. The Board of Commissioners on Grievances and Discipline accepted this stipulation of misconduct and, consistent with the parties' suggestion, recommended that respondent be publicly reprimanded.

### Misconduct

{¶ 3} In October 2002, Rhonda Love Savage was involved in an automobile accident with a Greene County deputy sheriff. After Savage refused a field sobriety test, respondent signed out a warrant at a local hospital ordering a blood-alcohol test for Savage. Savage was later arraigned before respondent and pleaded not guilty to the charges of OMVI, failing to yield, driving under a suspended license, and leaving the scene of an accident. Savage was released on bond.

{¶ 4} Savage was later arrested for driving under an administrative license suspension. Respondent also heard Savage's arraignment in the second case. Defense counsel in that case eventually suggested that respondent recuse herself from further involvement because respondent had represented Savage's former husband in a 1992 divorce. Respondent declined.

{¶ 5} Savage's attorney moved for respondent's removal. On January 24, 2003, the presiding judge of the Greene County Court of Common Pleas granted the motion and assigned another judge to hear the Savage case. Respondent, however, issued a "judgment entry" a month later setting forth her reasons for believing her removal was unjustified. Apparently acting under the mistaken impression that her recusal had not been fully resolved, respondent scheduled a trial in the Savage matter for June 27, 2003.

{¶ 6} On the trial date, an assistant prosecutor sought a continuance, citing the order removing respondent. Respondent denied the continuance and proceeded to find Savage guilty, impose a jail sentence and fine, and suspend Savage's driving privileges.

{¶ 7} Savage petitioned for a writ of habeas corpus, and the administrative judge of the Greene County Court of Common Pleas granted the writ. Savage was promptly released from jail. In further proceedings before the judge assigned to her case after respondent's removal, Savage was sentenced and fined again, and her driving privileges were again suspended.

{¶ 8} The parties stipulated and the board found that respondent had knowingly continued to act in Savage's case despite her ordered recusal. The board thus found respondent in violation of Canon 2 of the Judicial Code of Conduct and recommended a public reprimand.

## Review

{¶ 9} We adopt the board's findings and recommendation. Thus, for her violation of Canon 2 of the Judicial Code of Conduct, respondent is hereby publicly reprimanded. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

---

Eugene P. Whetzel, Bar Counsel; Jones Day and J. Todd Kennard, for relator.

Michael K. Murry, for respondent.