OHIO STATE BAR ASSOCIATION *v.* SALERNO.

[Cite as *Ohio State Bar Assn. v. Salerno,*
142 Ohio St.3d 95, 2015-Ohio-791.]

(No. 2014–1380—Submitted September 10, 2014—Decided March 11, 2015.)

---

**Per Curiam.**

{¶ 1} Respondent, Amelia Angela Salerno of Columbus, Ohio, Attorney Registration No. 0032253, was admitted to the practice of law in Ohio in 1982. She was first elected to the Franklin County Municipal Court in 2005 and continues to serve as a judge of that court.

{¶ 2} On May 9, 2014, relator, Ohio State Bar Association, charged Salerno with two violations of the Code of Judicial Conduct arising from her comments to a jury and members of the public gallery after the jury returned a not-guilty verdict in a criminal case.

{¶ 3} A panel of the Board of Commissioners on Grievances and Discipline[1] considered the cause on the parties' consent-to-discipline agreement. *See* former BCGD Proc.Reg. 11.[2] In that agreement, Salerno stipulates that after the jury returned a not-guilty verdict in a criminal trial, she remained in the courtroom to speak with the impaneled jurors and other pool jurors whom she had invited to sit in the public gallery. During the discussion, she told the jurors that in her opinion, they had reached the wrong verdict, and she disclosed that the defendant had additional criminal charges pending against him, though that information had not been admitted into evidence because it was more prejudicial than probative of the issues in the trial.

{¶ 4} The parties stipulate that this conduct violated Jud.Cond.R. 1.2 (requiring a judge to respect and comply with the law and to act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary) and 2.8(C) (prohibiting a judge from commending or criticizing jurors for their verdict other than in a court order or opinion in a proceeding).

{¶ 5} As aggravating factors, the parties stipulate that Salerno's conduct adversely affected several jurors, who were quite upset by the judge's criticism, and subjected the entire Ohio judicial system to widespread criticism and ridicule after her remarks received nationwide media coverage. *See* BCGD Proc.Reg. 10(B)(1)(h).[3] The parties stipulate that the mitigating factors present include the absence of a prior disciplinary record, the absence of a dishonest or selfish motive, Salerno's cooperative attitude toward the disciplinary proceedings, and evidence of her good character or reputation apart from the charged misconduct. *See* BCGD Proc.Reg. 10(B)(2)(a), (b), (d), and (e). Based upon Salerno's stipulated misconduct and these factors, the parties stipulate that a public reprimand is the appropriate sanction here.

{¶ 6} The panel and board found that the consent-to-discipline agreement conforms to BCGD Proc.Reg. 11 and recommend that we adopt the agreement in its entirety. In support of this recommendation, they rely on three cases in which we publicly reprimanded judges who failed to avoid impropriety or the appearance of impropriety in the performance of their judicial duties. *Disciplinary Counsel v. Stuard*, 121 Ohio St.3d 29, 2009-Ohio-261, 901 N.E.2d 788 (publicly reprimanding a judge who engaged in ex parte communications with an assistant

---

1. Effective January 1, 2015, the Board of Commissioners on Grievances and Discipline has been renamed the Board of Professional Conduct. *See* Gov.Bar R. V(1)(A), 140 Ohio St.3d CII.

2. Effective January 1, 2015, Gov.Bar R. V(16), 140 Ohio St.3d CXXX, governs consent-to-discipline agreements.

3. Effective January 1, 2015, the aggravating and mitigating factors previously set forth in BCGD Proc.Reg. 10(B)(1) and (2) are codified in Gov.Bar R. V(13), 140 Ohio St.3d CXXIV.

prosecutor to request that the assistant prosecutor prepare the sentencing order in a capital case and to discuss the draft); *Ohio State Bar Assn. v. Goldie,* 107 Ohio St.3d 201, 2005-Ohio-6186, 837 N.E.2d 782 (publicly reprimanding a judge for proceeding to find a defendant guilty and imposing a sentence after the judge had been ordered to recuse herself from the case); and *Disciplinary Counsel v. Kubilus,* 101 Ohio St.3d 29, 2003-Ohio-6610, 800 N.E.2d 1131 (publicly reprimanding a judge for allowing his administrative assistant, who was not a lawyer, to create arraignment-hearing entries, to sign the judge's name on a form documenting an administrative suspension of a driver's license, and to deny a request for a reduction in a jail sentence).

{¶ 7} We agree that Salerno's conduct violated Jud.Cond.R. 1.2 and 2.8(c), as stated in the parties' consent-to-discipline agreement, and that this conduct warrants a public reprimand. We therefore adopt the parties' consent-to-discipline agreement.

{¶ 8} Accordingly, Amelia Angela Salerno is hereby publicly reprimanded. Costs are taxed to Salerno.

*Judgment accordingly.*

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

---

John J. Mueller, Laurence A. Turbow, and Eugene P. Whetzel, for relator.

Montgomery, Rennie & Jonson, George D. Jonson, and Lisa M. Zaring, for respondent.