HAMILTON COUNTY SHERIFF, Appellant,

v.

STATE EMPLOYMENT RELATIONS BOARD, Appellee; Fraternal
Order of Police, Ohio Labor Council, Inc., Intervenor.

[Cite as *Hamilton Cty. Sheriff v. State Emp. Relations
Bd.* (1999), 134 Ohio App.3d 654.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–990040.

Decided Aug. 27, 1999.

---

8. R.C. 2919.22.

9. R.C. 3103.03.

*Michael K. Allen*, Hamilton County Prosecuting Attorney, and *Kathleen M. Elfers*, Assistant Prosecuting Attorney, for appellant.

*Betty D. Montgomery*, Attorney General, and *Dennis R. Morgan*, Assistant Attorney General, for appellee.

*Paul L. Cox* and *Gwen Callender*, for intervenor.

PAINTER, Judge.

Appellant, Hamilton County Sheriff, and intervenor, Fraternal Order of Police, Ohio Labor Council, Inc. ("FOP"), were parties to a collective-bargaining agreement that expired in December 1996. The agreement covered approximately two hundred twenty employees, including approximately twenty-one detectives in the sheriff's Criminal Investigations Division ("CID"). The agreement stated that the detectives would "normally not be scheduled to work on a designated holiday."

During negotiations for a successor agreement, the sheriff's office proposed a change to the holiday schedule that would remove Columbus Day as one of the holidays and substitute the day after Thanksgiving. The FOP counterproposed that both Columbus Day and the day after Thanksgiving would be holidays.

Twenty days after the FOP's counterproposal, Colonel Hoffbauer, a patrol division commander who reported directly to the sheriff, issued a policy, or special order, to CID personnel. The special order stated that certain personnel, including the twenty-one CID detectives, would generally not be scheduled to work on any holiday listed in the collective-bargaining agreement. The policy changed a previous policy that had been in effect since 1985. That policy had allowed the detectives to schedule themselves to work certain holidays. The new

policy had an adverse financial impact on the detectives because they would not be able to earn extra pay for working the holidays.

In response to the change in policy, the FOP filed an unfair-labor-practice charge with appellee, State Employment Relations Board ("SERB"). After finding probable cause that the change in holiday policy was an unfair labor practice under R.C. 4117.11(A)(1), SERB filed a complaint against the sheriff. R.C. 4117.11(A)(1) states: "It is an unfair labor practice for a public employer, its agents, or representatives to * * * [i]nterfere with, restrain, or coerce employees in the exercise of the rights guaranteed in Chapter 4117. of the Revised Code * * *."

After a hearing in front of a SERB hearing officer, SERB found that statements made by certain management officers who worked for the sheriff suggested that the special order was made in retaliation for the FOP's failure to concede to the sheriff's proposal regarding holidays. Based on these statements, SERB issued an order that held that the sheriff had committed an unfair labor practice. SERB stated, "[W]e find that the Sheriff interfered with, restrained, or coerced employees in their * * * right to collectively bargain with the employer in violation of O.R.C. § 4117.11(A)(1) when the Sheriff changed his long-standing policy of holiday schedules for detectives after the FOP took a contrary position during contract negotiations."

The sheriff filed an administrative appeal to the Hamilton County Court of Common Pleas. A magistrate recommended upholding SERB's order, and the trial court agreed. The trial court affirmed SERB's order.

The sheriff now appeals. He asserts in his sole assignment of error that the trial court erred when it affirmed SERB's order. We disagree.

In reviewing a SERB order, a trial court's standard of review on an unfair-labor-practice charge is whether there is substantial evidence to support SERB's decision.[1] The court must give due deference to SERB's interpretation of R.C. Chapter 4117; "[o]therwise, there would be no purpose in creating a specialized administrative agency, such as SERB, to make determinations."[2] When there is an appeal to an appellate court, that court's role is even more limited than that of the trial court. While the trial court must directly examine the evidence, that is not the case for the appeals court, which is only to determine if the trial court abused its discretion.[3] An abuse of discretion exists where "no

---

1. See R.C. 4117.13(D); *Lorain City School Dist. Bd. of Edn. v. State Emp. Relations Bd.* (1988), 40 Ohio St.3d 257, 533 N.E.2d 264, paragraph one of the syllabus.

2. Id. at 260, 533 N.E.2d at 267.

3. *Id.* at 260–261, 533 N.E.2d at 267

sound reasoning process" would support the trial court's decision.[4] The fact that the appeals court might have arrived at a different conclusion from SERB's is immaterial.[5]

■ As a preliminary matter, the sheriff argues that SERB's complaint did not comply with a rule that requires such complaints to contain a "clear and concise description of the acts which are claimed to constitute unfair labor practices."[6] The sheriff claims that the complaint was defective because it did not allege the statements made by the management officers that suggested that the special order was made in retaliation for the detectives' failure to concede to the sheriff's proposal regarding holidays. But we hold that the complaint was not required to contain specific allegations of these statements. According to SERB, the statements themselves were not the unfair labor practices. Rather, SERB held that the act that constituted the unfair labor practice, which was clearly and concisely alleged in the complaint, was the special order that changed the holiday policy. The statements were merely used as evidence of the unfair labor practice.

Also, although specific references to the statements were not in the complaint, we conclude that the sheriff was not prejudiced, because he still had notice that the statements might be at issue. In the original unfair-labor-practice charge filed against the sheriff, the FOP alleged that the special order was issued in retaliation for the FOP's counterproposal regarding holidays, and the FOP stated, "This is evidenced by the conversations that took place in reference to the special order * * *." Also, in SERB's prehearing statement, SERB stated that "there may be a factual dispute over whether certain remarks were made by supervisory personnel and/or certain communications by the chief negotiator in behalf of [the sheriff]." In addition, the sheriff stated in his prehearing statement that one of the factual areas in dispute was "what was said by other employees of [the sheriff] regarding the order." Thus, despite the omission from the complaint, the record reveals that the sheriff had notice that the statements might be used as evidence against him. Requiring SERB to have specifically alleged the statements in the complaint would not have been necessary to ensure a fair hearing. We reject the sheriff's preliminary argument.

■ Turning to the merits, the sheriff asserts that the special order was merely a management decision, enacted for budgetary reasons. He claims that

---

4. *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.* (1990), 50 Ohio St.3d 157, 161, 553 N.E.2d 597, 601; *Hilliard v. Huntington Natl. Bank* (June 11, 1999), Hamilton App. No. C–980383, unreported, 1999 WL 386664.

5. *Lorain City School Dist. Bd. of Edn.,* 40 Ohio St.3d at 261, 533 N.E.2d at 267.

6. Ohio Adm. Code 4117–7–03.

the special order had nothing to do with retaliation against the FOP.[7] According to the sheriff, SERB's order was not supported by substantial evidence. The sheriff argues that the special order was lawful because it merely conformed to the plain language ·of the collective-bargaining agreement, which stated that the detectives would "normally not be scheduled to work on a designated holiday."

But SERB stated that the sheriff's argument regarding the language of the collective-bargaining agreement was irrelevant. SERB explained, acts that normally could be done validly—*e.g.*, the exercise of legitimate rights under a collective bargaining agreement—may result in a finding of unlawful behavior when they interfere with, restrain, or coerce employees in the exercise of lawful collective bargaining rights in violation of R.C. Chapter 4117.[8] SERB correctly pointed out that this is more than a mere contract-interpretation case.

SERB also summarized its findings regarding statements made by the sheriff's management officers during the negotiations regarding holidays. Some statements, for instance, were made by the chief of detectives in the CID, Captain Coyle, who reported to Colonel Hoffbauer and who was not a member of the FOP. Coyle told a detective represented by the FOP that the sheriff "really wanted the FOP to agree to the Sheriff's proposal." According to SERB's findings, Coyle expressed concern to the detective that the FOP would object to the sheriff's proposal and stated that the FOP's objection "would hurt the FOP members in the long run." SERB also found that Coyle expressed concern to another detective in the FOP that "if the FOP did not' agree with the Sheriff's proposal, the detectives would lose their holiday-pay structure." Also, Colonel Hoffbauer made a statement after he issued the special order. SERB found that Colonel Hoffbauer "made a rare appearance" at a morning briefing session and "stated that it was Corporal Wesseler's fault the detectives lost their holiday-pay structure." Corporal Wesseler was a member of the FOP negotiating team that had bargained regarding holidays.

SERB concluded that such statements were "threatening and punitive in nature." Based on the statements, and considering that the special order was issued only twenty days after the FOP offered its counterproposal regarding Columbus Day, SERB held that the sheriff had interfered with, restrained, and coerced the FOP in its collective-bargaining rights when he issued the special order.[9] SERB stated, "The right to bargain collectively includes refusing to

---

7. See R.C. 4117.08(C).

8. See, *e.g.*, *Natl. Labor Relations Bd. v. Grower–Shipper Vegetable Assn. of Cent. California* (C.A.9, 1941), 122 F.2d 368, 377.

9. See R.C. 4117.03(A)(4).

concede to proposals, to make counter-proposals, and to negotiate without being interfered with, restrained, or coerced when doing so."

We hold that the trial court did not abuse its discretion in concluding that SERB's thorough analysis and conclusions were based on sufficient evidence. SERB based its conclusions on the timing of the special order and on statements that it found were threatening and punitive in nature. In view of SERB's findings, it was not an abuse of discretion to conclude that the special order, which unilaterally changed the holiday-scheduling policy that had been in effect since 1985, was issued to interfere with, restrain, or coerce the FOP in the exercise of its collective-bargaining rights. The trial court was justified in rejecting the sheriff's argument that the special order was issued merely for budgetary reasons. Also, considering that the statements could reasonably be construed to suggest that the sheriff would punish the FOP if it did not agree to the sheriff's proposal, that the statements were made by management officers for the sheriff, and that the special order was issued by an officer who reported directly to the sheriff, the trial court did not abuse its discretion in agreeing with SERB's conclusion that the sheriff was responsible for the unfair labor practice.

Therefore, the sheriff's sole assignment is overruled. We affirm the judgment of the trial court.

*Judgment affirmed.*

GORMAN, P.J., and SHANNON, J., concur.

RAYMOND E. SHANNON, J., retired, of the First Appellate District, sitting by assignment.