[This decision has been published in *Ohio Official Reports* at 96 Ohio St.3d 136.]

CINCINNATI BAR ASSOCIATION *v.* SAUTER.

[Cite as *Cincinnati Bar Assn. v. Sauter*, 2002-Ohio-3610.]

*Attorneys at law—Misconduct—Public reprimand—Having an ex parte communication with counsel for a party in a pending case assigned to appellate judge for whom respondent was a clerk.*

(No. 2001-2170—Submitted May 8, 2002—Decided July 31, 2002.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 01-26.

_____

**Per Curiam.**

{¶1} Respondent, Susan M. Sauter of Cincinnati, Ohio, Attorney Registration No. 0055943, was a law clerk to Lee H. Hildebrandt, Jr., a judge of the Court of Appeals for the First Appellate District. While so employed, she had ex parte communication with counsel for a party in a pending case. A panel of this court's Board of Commissioners on Grievances and Discipline found that the communication violated DR 1-102(A)(5) (conduct prejudicial to the administration of justice).

{¶2} The pending matter discussed in the ex parte communication was *Cincinnati v. Banks* (2001), 143 Ohio App.3d 272, 757 N.E.2d 1205, an eminent-domain case in which the city of Cincinnati was appealing a jury's valuation of condemned property. *Banks* was assigned to a panel consisting of Judges Hildebrandt, Mark Painter, and Robert Gorman. Argument was scheduled for October 10, 2000. Assistant City Solicitors Mark Vollman and Geri Geiler represented the city.

{¶3} On October 4, 2000, Sauter sent an e-mail message to a friend of hers, Assistant City Solicitor Dotty Carman. She did not send a copy to counsel for the party opposing the city in the *Banks* case. The text of the message follows:

{¶4} "I couldn't locate Geiler's address, so I'm sending this to you to send to her.

{¶5} "Re: oral argument next week in Banks. For standard of review on evidentiary issues, courts use abuse of discretion standard. Recently, judges on this court have been defining that standard not as 'arbitrary, unconscionable' etc. but as 'not based on a sound reasoning process' See *P&G v. Stoneham*, C-990859, September 29, 2000, unreported [140 Ohio App.3d 260, 747 N.E.2d 268] (with Hildebrandt & Painter on panel), *Ayer v. Ayer*, C-990712, June 30, 2000, unreported [2000 WL 864459] (written by Judge Painter), and *Hamilton County Sheriff v. SERB*, 134 Ohio App.3d 654, 731 NE2d 1196 (1999) (Painter & Gorman). Painter especially thinks this is a better standard for abuse-of-discretion review. This type of review is probably better for the city, so you might want to hammer on the lack of sound reasoning by the lower court.

{¶6} "This message will self destruct in two hours."

{¶7} Geiler was out of town, so Carman gave the message to Vollman, who reported the matter to his superiors. Deputy City Solicitor Robert H. Johnstone reported the matter to the court administrator of the court of appeals, then informed opposing counsel. Judge Hildebrandt recused himself from the *Banks* case before the oral argument took place on October 10.

{¶8} Judge Hildebrandt also questioned Sauter about her actions. Sauter resigned her clerkship effective October 13, 2000.

{¶9} Relator, Cincinnati Bar Association, filed a complaint alleging that Sauter's sending the e-mail violated DR 1-102(A)(5). The matter was submitted to a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court. After a hearing, the panel found that Sauter had violated DR 1-

102(A)(5) and recommended that she be publicly reprimanded. The board adopted the panel's findings, conclusions, and recommendation. Sauter has filed objections to the findings, conclusions, and recommendation of the board.

{¶10} We conclude without hesitation that Sauter's conduct was prejudicial to the administration of justice. Sauter advised the city's attorney how best to appeal to the panel members. Secretly helping one side was inconsistent with Sauter's position as a confidential assistant to a judge assigned to the case. Such conduct, by one in Sauter's position, may create a false impression that a party with inside connections can influence the decision-making processes of a court. Her behavior forced Judge Hildebrandt to recuse himself to restore the appearance of impartiality that Sauter's e-mail had compromised.

{¶11} We therefore overrule Sauter's objections and adopt the findings, conclusions, and recommendations of the board. Susan M. Sauter is hereby publicly reprimanded. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and LUNDBERG STRATTON, JJ., concur.

COOK, J., dissents.

———————————

**COOK, J., dissenting.**

{¶12} Respondent had been admitted to the practice of law more than nine years at the time she sent the ex parte communication. The seriousness of this ethical breach warrants an actual suspension. I respectfully dissent.

———————————

Laura A. Abrams and Carolyn A. Taggart, for relator.

Susan M. Sauter, pro se.

———————————