D. Chris Cook, for relator.

_____

DISCIPLINARY COUNSEL v. STUARD, JUDGE.

DISCIPLINARY COUNSEL v. BECKER.

DISCIPLINARY COUNSEL v. BAILEY.

[Cite as *Disciplinary Counsel v. Stuard,*
121 Ohio St.3d 29, 2009-Ohio-261.]

(No. 2008–1237—Submitted August 26, 2008—Decided January 29, 2009.)

_____

**Per Curiam.**

{¶ 1} We must decide in this case the appropriate sanctions for a judge who asked an assistant county prosecutor to prepare a sentencing order via ex parte communications, the assistant county prosecutor who prepared the order, and a

second assistant county prosecutor, who reviewed it. The Board of Commissioners on Grievances and Discipline found that the judge violated the Canons of the Code of Judicial Conduct and that the assistant prosecutor who communicated ex parte with the judge violated Disciplinary Rules of the Code of Professional Responsibility and recommended public reprimands for each. The board also recommended dismissal of all charges against the assistant prosecutor who did not engage in ex parte communications. We accept the findings of professional misconduct and the recommendation for public reprimands and dismissal.

{¶ 2} Respondent John M. Stuard, Attorney Registration No. 0018610, was admitted to the practice of law in Ohio in 1965 and has served as a judge of the Trumbull County Court of Common Pleas since 1991. Respondent Christopher D. Becker of Warren, Ohio, Attorney Registration No. 0047252, was admitted to the Ohio bar in 1990. Respondent Kenneth N. Bailey of Warren, Ohio, Attorney Registration No. 0023228, was admitted to the Ohio bar in 1971.

{¶ 3} Relator, Disciplinary Counsel, charged respondents with ethics violations in two separate complaints. A panel of the board heard the cases, which were consolidated for hearing, on March 13, 2008. Based on the parties' stipulations and other evidence, the panel found Judge Stuard in violation of two Canons and Becker in violation of two Disciplinary Rules. The panel recommended public reprimands for Judge Stuard and Becker and the dismissal of charges against Bailey. The board adopted the panel's findings and recommendations.

## Misconduct

{¶ 4} In May and June 2003, Judge Stuard presided over the capital murder trial of Donna Roberts. Veteran prosecutors Becker and Bailey represented the state, and J. Gerald Ingram and John Juhasz, also experienced practitioners, represented the defendant. A jury found Roberts guilty of two counts of aggravated murder, among other crimes, and recommended a sentence of death.

{¶ 5} Between the penalty-phase hearing of Roberts's trial in early June and the sentencing hearing later that month, Judge Stuard engaged in ex parte communications four times with Becker about the sentencing opinion in Roberts's case. The first communication consisted of a brief conversation on June 18, 2003, when the judge asked Becker to prepare the court's opinion sentencing Roberts to death. Judge Stuard gave Becker two pages of notes on the aggravating circumstances and mitigating factors that he had weighed in deciding that the death sentence was appropriate. The notes did not relate the history and facts of the Roberts case beyond the discussion of aggravating circumstances and mitigating factors. For these portions of the sentencing opinion, Judge Stuard instructed Becker to refer to the sentencing opinion in the companion case of Nathaniel Jackson, Roberts's codefendant. Becker agreed to write the opinion.

{¶ 6} The second ex parte communication occurred in writing the next day, when the judge found on his desk a 17–page draft of a sentencing opinion in the Roberts case. Judge Stuard reviewed the draft, which set forth five sections recounting the case history, facts, aggravating circumstances, mitigating factors, and conclusions of law. He then noted one or more corrections to be made.

{¶ 7} In a third ex parte communication, Judge Stuard asked Becker later that day to make the corrections. Becker made the corrections and also incorporated Bailey's editorial suggestions, made after Bailey's review of the draft opinion. The fourth communication occurred when Judge Stuard received the corrected version of what became his opinion sentencing Roberts to death.

{¶ 8} Judge Stuard had had an informal practice of enlisting prosecutorial assistance in drafting journal entries in criminal cases. He employed that practice in preparing the sentencing opinion in the Roberts case but failed to include defense counsel in the process. Ingram and Juhasz did not learn until Roberts's sentencing hearing, on June 20, 2003, that the prosecution had assisted in preparing the court's opinion. They discovered what had happened when Judge Stuard read his opinion from the bench, and defense counsel, who did not have a copy of the sentencing order, noticed that one of the prosecutors seemed to be silently "reading along" with the judge, turning pages of a document in unison.

{¶ 9} Ingram objected. In the sidebar discussion that followed, Judge Stuard acknowledged that he had given his notes to the prosecution and instructed counsel to draft the sentencing order. Ingram then challenged the process by which the court had prepared the order sentencing Roberts to death as an impermissible collaboration and ex parte communication.

{¶ 10} Judge Stuard concedes and the board found that his ex parte communications with Becker, engaged in without the knowledge or consent of opposing counsel, violated Canon 2 (requiring a judge to "respect and comply with the law and * * * act at all times in a manner that promotes public confidence in the integrity of the judiciary") and 3(B)(7) (providing that, except in situations not relevant here, "[a] judge shall not initiate, receive, permit, or consider communications [as to substantive matters or issues on the merits] made to the judge outside the presence of the parties or their representatives concerning a pending or impending proceeding * * *"). Becker initially defended his actions, but the board found him in violation of DR 1–102(A)(5) (prohibiting a lawyer from engaging in conduct that is prejudicial to the administration of justice) and 7–110(B) (prohibiting, with exceptions not relevant here, ex parte communication on the merits of a cause with a judge before whom the proceeding is pending). Becker has not objected to the board's report.

{¶ 11} Clear and convincing evidence supports that Judge Stuard and Becker committed the cited misconduct. Indeed, in the appeal that followed Judge Stuard's order sentencing Roberts to death, we held that the court committed prejudicial error by delegating responsibility for the content and analysis of its sentencing opinion. We vacated the death sentence and remanded the cause with instructions for Judge Stuard to personally review and evaluate the appropriateness of the death penalty. *State v. Roberts*, 110 Ohio St.3d 71, 2006-Ohio-3665, 850 N.E.2d 1168, ¶ 164. We also observed in *Roberts* that the ex parte collaboration between the judge and prosecution to prepare the court's sentencing opinion was "wholly inconsistent" with the ethical constraints of Canon 3(B)(7) and DR 7–110(B). Id. at ¶ 161.

{¶ 12} In contrast to the ex parte communications between Judge Stuard and Becker, Bailey did not exchange any information about the merits of Roberts's case with the presiding judge. He merely reviewed the sentencing order and pointed out typographical errors. The charges of misconduct against Bailey are therefore dismissed.

## Sanction

{¶ 13} In recommending the public reprimands, the board considered the aggravating and mitigating factors listed in Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Grievances and Discipline ("BCGD Proc.Reg."). We see no aggravating factors, and the parties either stipulated to, or do not dispute, the mitigating factors that weigh in Judge Stuard's and Becker's favor.

{¶ 14} Neither Judge Stuard nor Becker has a record of prior discipline. See BCGD Proc.Reg. 10(B)(2)(a). Both cooperated appropriately in the disciplinary process. BCGD Proc.Reg. 10(B)(2)(d). With either letters of recommendation or testimony from members of the community, bench, and bar, Judge Stuard established his excellent character, distinguished service as a judge, reputation for honesty and fairness, and commitment to public service. BCGD Proc.Reg. 10(B)(2)(e). With letters of recommendation or testimony from members of law enforcement, the bench, and the bar, including both opposing counsel in the Roberts case, Becker has similarly shown his reputation for honesty, good character, and professional competence. Id.

{¶ 15} Judge Stuard has complied with our mandate in *State v. Roberts*, 110 Ohio St.3d 71, 2006-Ohio-3665, 850 N.E.2d 1168. Both he and Becker have acquiesced in the board's recommendation, assuring that they have recognized their wrongdoing and will not repeat it. A public reprimand is therefore appropriate.

{¶ 16} Judge John M. Stuard is publicly reprimanded for his violations of Canon 2 and 3(B)(7). Christopher D. Becker is publicly reprimanded for his violations of DR 1–102(A)(5) and 7–110(B). Costs are taxed to respondents.

Judgment accordingly.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

---

Jonathan E. Coughlan, Disciplinary Counsel, and Robert R. Berger, Assistant Disciplinary Counsel, for relator.

Charles Richards, for respondent Judge Stuard.

Kegler, Brown, Hill & Ritter, Geoffrey Stern, Rasheeda Khan, and S. Michael Miller, for respondents Becker and Bailey.