DISCIPLINARY COUNSEL *v.* PLOUGH.

[Cite as *Disciplinary Counsel v. Plough*, 126 Ohio St.3d 167, 2010-Ohio-3298.]

*Judges — Misconduct — Violations of the Judicial Canons, the Rules of Professional Conduct, and the Disciplinary Rules — Misconduct warrants license suspension, partially stayed.*

(No. 2009-2341 — Submitted February 24, 2010 — Decided July 21, 2010.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 09-026.

_____

**Per Curiam**.

{¶ 1} Respondent, John Joseph Plough of Ravenna, Ohio, Attorney Registration No. 0012818, was admitted to the practice of law in Ohio in 1973. In November 2005, he was elected to fill an unexpired term on the Portage County Municipal Court and took office in December of that year. After serving in the court's Ravenna Division for 11 months, respondent transferred to the Kent Division, where he continued to serve until his term expired on December 31, 2009. Respondent did not seek reelection.

{¶ 2} On August 7, 2009, relator, Disciplinary Counsel, filed an amended complaint charging respondent with multiple violations of the Code of Judicial Conduct and the Rules of Professional Conduct.[1] After dismissing certain allegations, relator alleges that respondent failed to uphold the integrity and independence of the judiciary, failed to dispose of judicial matters promptly, efficiently, and fairly, failed to diligently discharge administrative responsibilities

_____

1. Respondent was charged under the former version of the Code of Judicial Conduct because all conduct in this case occurred before March 1, 2009, the effective date of the current code.

without bias, engaged in ex parte communication, and engaged in conduct that is prejudicial to the administration of justice.

{¶ 3} In October 2009, a three-member panel of the Board of Commissioners on Grievances and Discipline conducted a hearing. Based upon the testimony of respondent and others, as well as the parties' stipulated facts, exhibits, and violations, the panel made findings of fact and concluded that respondent had committed ten violations of the Code of Judicial Conduct and four violations of the Rules of Professional Conduct. Therefore, the panel recommended that respondent be suspended from the practice of law for one year, with six months stayed, as jointly recommended by the parties. Additionally, the panel recommended that we dismiss Count I of the complaint, as it determined that the alleged misconduct had not been proven by clear and convincing evidence. The board adopted the panel report in its entirety.

{¶ 4} We accept the board's findings of misconduct and agree that a one-year suspension, with six months stayed, is the appropriate sanction.

**Misconduct**

*Count I*

{¶ 5} In May 2007, a defense counsel moved for the continuance of a criminal trial, alleging that she had just received additional discovery from the prosecutor and needed additional time to prepare an adequate defense. Without reviewing the discovery materials, respondent accepted the prosecutor's representation that denying the motion would not prejudice the defendant and then denied the continuance and began the trial. When defense counsel refused to participate in the proceedings, respondent found her in contempt of court. At a contempt hearing later that afternoon, however, respondent acknowledged that the discovery was "rather voluminous," withdrew the contempt, and granted a continuance of the trial.

**{¶ 6}** Respondent's conduct in denying the motion for continuance and citing defense counsel in contempt may have constituted an abuse of his discretion. We have observed, however, that "[j]udges must routinely exercise their discretion in a myriad of ways while executing their duties in the administration of justice, and the abuse of that discretion typically generates an appeal, not disciplinary proceedings." *Disciplinary Counsel v. O'Neill*, 103 Ohio St.3d 204, 2004-Ohio-4704, 815 N.E.2d 286, ¶ 7. Upon review of the board's factual findings, we agree that relator has not proven by clear and convincing evidence that respondent's conduct with respect to this count violated the former Code of Judicial Conduct. Therefore, we adopt the unanimous recommendation of the panel and board and dismiss Count One.

*Count II*

**{¶ 7}** In Count II, the evidence established that respondent failed to either maintain or provide a complete record in three separate proceedings in his court despite numerous written requests filed by the parties. In one case, respondent never produced an audio recording of the proceedings, and in another case, the recordings were either incomplete or incapable of being transcribed. In a third case, respondent failed to comply with multiple remands from the Eleventh District Court of Appeals ordering him to produce the audio recording of the proceedings or follow the App.R. 9(C) procedure for creating a statement of the evidence or proceedings. Respondent's failure to maintain or provide complete recordings resulted in (1) the reversal of a portion of one criminal defendant's sentence that required him to register as a sex offender and (2) the reversal of another defendant's conviction for operating a vehicle under the influence of alcohol ("OVI").

**{¶ 8}** The parties stipulated, the board found, and we agree that respondent's conduct violated three Canons of the former Code of Judicial Conduct: Canon 2 (requiring a judge to respect and comply with the law and act

at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary), Canon 3(B)(8) (requiring a judge to dispose of all judicial matters promptly, efficiently, and fairly), and Canon 3(C)(1) (requiring a judge to diligently discharge administrative responsibilities without bias and prejudice, maintain professional competence in judicial administration, and cooperate with other judges and court officials in the administration of court business); and Prof.Cond.R. 8.4(d) (prohibiting conduct that is prejudicial to the administration of justice).

*Count III*

{¶ 9} In Count III, the evidence demonstrates that respondent waited almost three months to comply with an Eleventh District Court of Appeals' remand ordering him to vacate an appellant's OVI conviction and enter a judgment of acquittal. The parties stipulated, the board found, and we agree that relator has proven by clear and convincing evidence that this conduct violated Canons 2 and 3(B)(8) of the former Code of Judicial Conduct and Prof.Cond.R. 8.4(d).

*Count IV*

{¶ 10} In Count IV, the evidence established that respondent telephoned the county prosecutor without defense counsel present to discuss respondent's opposition to an assistant prosecutor's plea agreement reducing a pending third-degree-felony charge to a misdemeanor. The parties stipulated, the board found, and we agree that this conduct violated Canons 3(B)(7) of the former Code of Judicial Conduct (prohibiting ex parte communication about a pending case).

*Count VI*

{¶ 11} The record demonstrates that at a September 2006 jury trial of a defendant charged with OVI, respondent interrupted defense counsel's recross-examination of the arresting officer when counsel attempted to ask whether the officer had properly performed the field sobriety tests. Referring to the officer's

previous testimony during a suppression hearing, respondent stated, "[W]e've gone through this hearing before and we've determined that these tests were done in accordance with NHTSA [National Highway Traffic Safety Administration] standards, so go on with another question." Despite this improper statement of personal opinion on an issue of fact for the jury, respondent denied the resulting defense motion for a mistrial. Later, during closing argument, respondent repeatedly interrupted defense counsel, berated him, and criticized his professional qualifications in front of the jury.

{¶ 12} In its decision reversing the judgment of conviction in part, the Eleventh District Court of Appeals observed: "We first point out that the trial court was entitled to intervene during closing argument to provide guidance as to its concerns regarding the parameters of defense counsel's argument. However, the initial intervention quickly evolved from a legitimate concern for procedure to a heavy-handed, insulting, and unnecessary display of authority. The trial judge's remarks transcended legitimate methods of courtroom control which served to fundamentally encumber defense counsel's ability to effectively represent appellant. In fact, the trial judge's gratuitous vilification and general hostility directed at defense counsel ultimately caused him to sit down and refrain from completing his closing argument." *State v. Smith*, Portage App. Nos. 2006-P-0101 and 2006-P-0102, 2008-Ohio-3251, ¶ 76.

{¶ 13} Respondent's conduct in expressing his personal opinion on a factual issue to be resolved by the jury and in castigating defense counsel during closing argument caused defense counsel to forfeit closing argument, thereby prejudicing the defendant and adversely affecting public confidence in the judicial system. Therefore, the parties stipulated, the board found, and we agree that respondent violated Canon 1 (requiring a judge to uphold the integrity and independence of the judiciary), 2, and 3(B)(4) of the former Code of Judicial Conduct.

**{¶ 14}** Relator also charged respondent with engaging in conduct that is prejudicial to the administration of justice. The parties stipulated and the board found that respondent violated Prof.Cond.R. 8.4(d). But the record demonstrates that the conduct giving rise to the charge occurred on September 12, 2006 – before the February 1, 2007 effective date of the Rules of Professional Conduct. Therefore, we find that respondent's conduct violates DR 1-102(A)(5), which likewise prohibits a lawyer from engaging in conduct that is prejudicial to the administration of justice.

*Count VIII*

**{¶ 15}** With regard to Count VIII, the record demonstrates that respondent refused to accept a guilty plea for a charged minor-misdemeanor speeding offense based upon his mistaken belief that a statute mandated that the defendant be charged with a more serious offense. In fact, the defendant did not have two prior convictions within one year so as to warrant a fourth-degree-misdemeanor charge. The parties stipulated, the board found, and we agree that this conduct violated Canon 2 of the Code of Judicial Conduct and Prof.Cond.R. 8.4(d).

**Sanction**

**{¶ 16}** In determining the appropriate sanction for respondent's violations of the Code of Judicial Conduct, the Rules of Professional Conduct, and the Disciplinary Rules, we consider the duties violated, the injury caused, respondent's mental state, the applicable aggravating and mitigating circumstances listed in Section 10(B) of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."), and precedent. *Disciplinary Counsel v. Sargeant*, 118 Ohio St.3d 322, 2008-Ohio-2330, 889 N.E.2d 96, ¶ 28, citing *Disciplinary Counsel v. Evans* (2000), 89 Ohio St.3d 497, 501, 733 N.E.2d 609.

{¶ 17} Respondent has failed to maintain or provide complete records of the proceedings in his courtroom, resulting in the reversal of one OVI conviction and the removal of a sex-offender registration requirement from a criminal sentence. He has unreasonably delayed compliance with a mandate of the court of appeals on remand, engaged in an improper ex parte communication with a prosecutor, expressed an opinion on an issue of fact in the jury's presence, berated defense counsel during closing argument, and refused to grant a mistrial based upon his own prejudicial conduct. He also refused to accept a guilty plea for a misdemeanor speeding violation based upon his mistaken belief that the prosecutor was statutorily required to charge the defendant with a greater offense. Rather than promoting the evenhanded administration of justice, these actions have served to erode public confidence in the integrity of the judiciary.

{¶ 18} The board noted, as aggravating factors, that respondent has committed multiple violations and that litigants' appeal rights were prejudiced by respondent's failure to provide an adequate record of proceedings in his court. BCGD Proc.Reg. 10(B)(1)(d) and (h). And in mitigation, the board found that respondent (1) has no prior disciplinary record, (2) has not acted with dishonest or selfish motives, (3) has made a full and free disclosure of his conduct and has exhibited a cooperative attitude toward these proceedings, and (4) has a good reputation among many of his friends, colleagues, and acquaintances for honesty, diligence, and fairness in the conduct of his duties as a judge. BCGD Proc.Reg. 10(B)(2 )(a), (b), (d), and (e).

{¶ 19} The board cites a number of cases in which the court imposed a more severe sanction than the sanction recommended in this case and distinguishes those cases because they generally involve a measure of dishonesty, a failure to concede the violations, or a prior disciplinary history – aggravating factors that are not present in this case. See, e.g., *Disciplinary Counsel v. Parker*, 116 Ohio St.3d 64, 2007-Ohio-5635, 876 N.E.2d 556, ¶ 117, 130 (18-month

suspension with six months stayed in the presence of aggravating factors including dishonesty and failure to acknowledge the wrongfulness of the conduct). See also *Disciplinary Counsel v. O'Neill*, 103 Ohio St.3d 204, 2004-Ohio-4704, 815 N.E.2d 286, ¶ 48, 55 (two-year suspension with one year stayed when aggravating factors included submission of false statements and a refusal to acknowledge the wrongful nature of conduct); *Disciplinary Counsel v. Squire*, 116 Ohio St.3d 110, 2007-Ohio-5588, 876 N.E.2d 933, ¶ 82, 112 (two-year suspension with one year stayed when aggravating factors included misrepresentation and failure to acknowledge wrongfulness of conduct; *Disciplinary Counsel v. Medley*, 104 Ohio St.3d 251, 2004-Ohio-6402, 819 N.E.2d 273, ¶ 38, 43 (18-month suspension with six months stayed when aggravating factors included prior disciplinary record and failure to acknowledge wrongfulness of conduct).

{¶ 20} At the opposite end of the spectrum, the board notes that in *Disciplinary Counsel v. Karto* (2002), 94 Ohio St.3d 109, 111-117, 760 N.E.2d 412, we imposed a six-month suspension for multiple disciplinary violations when the respondent's misconduct included twice abusing the court's contempt power, using an outdated rule book in sentencing, engaging in ex parte communications, and urging the prosecutor to press felony charges against a defendant.

{¶ 21} However, respondent's conduct is more serious than that at issue in *Karto* because it involves respondent's (1) failure to maintain proper records of legal proceedings, thereby depriving the litigants of their right to appeal, and (2) failure to adhere to the mandates of a higher court, thereby impeding the efficient administration of justice.

{¶ 22} We find our recent decision in *Disciplinary Counsel v. Campbell*, 126 Ohio St.3d 250, 2010-Ohio-3265, __ N.E.2d __, to be most instructive. There, we imposed a one-year suspension with six months stayed on the license of

8

a judge who had committed multiple violations of the former Code of Judicial Conduct, including one violation of Canon 1, nine violations of Canon 2, one violation of Canon 3(B)(2), three violations of Canon 3(B)(4), and two violations of DR 1-102(A)(5) of the Code of Professional Responsibility. There, the judge (1) became involved in a criminal investigation, (2) attempted to try an indigent defendant without appointing counsel, (3) failed to follow applicable precedent from this court, (4) failed to faithfully discharge his duties upon a remand from an appellate court, (5) used his position as a judge to obtain access to a prosecutor's file, and (6) behaved in an undignified, unprofessional, and discourteous manner toward attorneys and litigants in his courtroom.

{¶ 23} Based upon the foregoing, we conclude that the sanction recommended by the parties and the board is reasonable and appropriate. Accordingly, John Joseph Plough is hereby suspended from the practice of law in the state of Ohio for one year, with six months of that suspension stayed on the condition that he commit no violations during the one-year suspension. If respondent fails to meet this condition, the stay will be lifted, and he will serve the entire one-year suspension. Costs are taxed to respondent.

Judgment accordingly.

PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

O'CONNOR, J., dissents and would suspend respondent from the practice of law in Ohio for one year.

BROWN, C.J., not participating.

_____

Jonathan E. Coughlan, Disciplinary Counsel, and Stacy Solochek Beckman, Assistant Disciplinary Counsel, for relator.

George D. Jonson and Kimberly Vanover Riley, for respondent.

_____