O’Donnell, J.,
concurring.
{¶ 81} I concur with the majority in this case but write separately to address an assertion presented by respondent’s counsel during oral argument regarding ex parte communications occurring in the Domestic Relations Division of the Cuyahoga County Common Pleas Court. The following colloquy occurred during oral argument regarding respondent’s conduct in obtaining an ex parte order granting leave to amend a pleading in a case pending in that court:
Justice Lundberg Stratton: What about the allegations that [Stafford] continued to obtain ex parte amendments and — and—such without fully disclosing what was going on — that’s one of the allegations — and certainly that might be a reason the judge doesn’t complain, because the judge is signing ex parte orders.
Counsel for Stafford: And I think it’s been evidenced in this case that it is in fact something that goes on in Cuyahoga County Domestic Relations Court. In this instance, he filed a motion for leave. The judge signed it that day. That was the judge’s decision to do or not to do. The motion to amend was not ex parte, your honor.
Justice Lundberg Stratton: So because this is a practice, it’s ethical? It’s allowed? It’s OK?
Counsel for Stafford: I think if both sides are engaging in it, yes, but more importantly, several months later, Judge Celebrezze said—
Justice Lundberg Stratton: Don’t you think maybe we have a duty to say, “That’s it. I don’t care if the judge does it or not, it’s not allowable, it’s not ethical, you’re ‘ex parte-ing,’ and this is where it’s stopping?” Because the judges apparently aren’t stopping it, according to you?
*404 Counsel for Stafford: I think if that’s a decision this court makes, then it’s certainly obviously the power of this court to do that, but not retroactively to a litigant who is among thousands who do the same thing.
(Emphasis added.)
{¶ 82} These statements of counsel appear to be incredible and very troubling. If true, the judges of the court must examine their practices to ensure that ex parte communications play no part in the way cases are litigated in their respective courts. Counsel who are under the mistaken impression that this is acceptable practice are on notice that such a practice subjects both the attorney and judge to potential discipline.
Ex Parte Communications
{¶ 83} “An ex parte communication is one that excludes any party who is legally entitled to be present or notified of the communication and given an opportunity to respond.” Garwin, Libby, Maher, and Rendelman, Annotated Model Code of Judicial Conduct, 176 (2d Ed.2004). When exchanged between a judicial officer and counsel, such communications violate the right of the opposing party to receive a fair hearing, 2 Restatement of the Law 3d, The Law Governing Lawyers, Section 113, comment (b) (2011), and thus are prohibited by the Ohio Rules of Professional Conduct and the Ohio Code of Judicial Conduct.
{¶ 84} To the extent that counsel engage in unauthorized ex parte communications or judges permit or condone them, they violate these rules.
Attorney Communications
{¶ 85} Prof.Cond.R. 3.5 prohibits an attorney from communicating ex parte with “a judicial officer or other official as to the merits of the case during the proceeding unless authorized to do so by law or court order.” See also 2 Restatement of the Law 3d, The Law Governing Lawyers, Section 113(1) (“A lawyer may not knowingly communicate ,ex parte with a judicial officer before whom a proceeding is pending concerning the matter, except as authorized by law”). The comments to this section note that prohibited communications include those between counsel and judges, counsel and the judge’s staff, and counsel and any other judicial officer permitted to rule on evidence or argument about a disputed matter, and ex parte communications that seek resolution of procedural matters that may result in a “substantial tactical or strategic advantage.” Id. at comment (c).
{¶ 86} We have routinely disciplined attorneys for participating in unauthorized ex parte communications. In Disciplinary Counsel v. Tomlan, 118 Ohio St.3d 1, 2008-Ohio-1471, 885 N.E.2d 895, ¶ 31, we held that John Tomlan’s ex parte *405 communication with a judge that occurred away from the courthouse, in which Tomlan asked the judge his thoughts on a pending probate matter and expressed hope that the judge would decide the latest issue in his client’s favor, violated DR 7-110(B) (prohibiting attorneys from communicating ex parte on the merits of a case with a judicial officer).[1] In Stark Cty. Bar Assn. v. Arkow, 104 Ohio St.3d 265, 2004-Ohio-6512, 819 N.E.2d 284, ¶ 17, we held that Seth Arkow’s communication with a judge, during which he presented a proposed child-custody order for judicial action at a hearing he requested without opposing counsel present and without providing notice reflecting the correct day of the hearing, violated DR 7-110(B). Further, in Disciplinary Counsel v. Stuard, 121 Ohio St.3d 29, 2009-Ohio-261, 901 N.E.2d 788, ¶ 16, we held that assistant prosecutor Christopher D. Becker’s ex parte communication with Judge John Stuard, in which Becker prepared a sentencing entry in a capital case without informing defense counsel, violated DR 1-102(A)(5) (prohibiting a lawyer from engaging in conduct that is prejudicial to the administration of justice) and DR 7-110(B). Also, in Disciplinary Counsel v. Baumgartner, 100 Ohio St.3d 41, 2003-Ohio-4756, 796 N.E.2d 495, ¶ 10, we held that Elsebeth Baumgartner’s ex parte communication with a juvenile-court judge before whom a client’s case was pending, in which she accused government officials of corruption and conspiracy and discussed the merits of a client’s case, violated DR 7-110(B), id. at ¶ 8, 10, and in Cincinnati Bar Assn. v. Sauter, 96 Ohio St.3d 136, 2002-Ohio-3610, 772 N.E.2d 620, ¶ 5, 10, we held that judicial law clerk Susan M. Sauter’s ex parte communication with counsel for a party in a pending case, in which she recommended a strategy on appeal, violated DR 1-102(A)(5).
Judicial Communications
{¶ 87} Ex parte communications to judicial officers may be inaccurate or incomplete and may “undermine a judge’s impartiality and the integrity of the judicial process.” 33 Am. Judicature Soc. Ctr. for Judicial Ethics, Judicial Conduct Reporter (Spring 2011). Jud.Cond.R. 2.9 prohibits a judge from initiating, receiving, permitting, or considering ex parte communications stemming from or directed to parties or their attorneys, except as follows:
(1) When circumstances require it, an ex parte communication for scheduling, administrative, or emergency purposes, that does not address substantive matters or issues on the merits, is permitted, provided the judge reasonably believes that no party will gain a procedural, substantive, or tactical advantage as a result of the ex parte communication;
*406 (2) A judge may obtain the advice of a disinterested expert on the law applicable to a proceeding before the judge, if the judge gives notice to the parties of the person consulted and the subject-matter of the advice solicited, and affords the parties a reasonable opportunity to object or respond to the advice received;
(3) A judge may consult with court staff and court officials whose functions are to aid the judge in carrying out the judge’s adjudicative responsibilities, or with other judges, provided the judge makes reasonable efforts to avoid receiving factual information that is not part of the record and does not abrogate the responsibility personally to decide the matter;
(4) A judge, with the consent of the parties, may confer separately with the parties and their lawyers in an effort to settle matters pending before the judge;
(5) A judge may initiate, receive, permit, or consider an ex parte communication when expressly authorized by law to do so;
(6) A judge may initiate, receive, permit, or consider an ex parte communication when administering a specialized docket, provided the judge reasonably believes that no party will gain a procedural, substantive, or tactical advantage while in the specialized docket program as a result of the ex parte communication.
{¶ 88} We have disciplined judges for participating in unauthorized ex parte communications in several instances. In Stuard, 121 Ohio St.3d 29, 2009-Ohio-261, 901 N.E.2d 788, ¶ 10, 16, we held that Judge Stuard’s ex parte communications with a prosecutor, resulting in the prosecutor’s preparation of a sentencing entry in a capital case without involving defense counsel, violated Canon 2, 78 Ohio St.3d CLXVIII (requiring a judge to “respect and comply with the law and * * * act at all times in a manner that promotes public confidence in the integrity of the judiciary”) and Canon 3(B)(7) (prohibiting a judge from initiating, receiving, permitting, or considering communications as to substantive matters or issues on the merits made to the judge outside the presence of the parties or their representatives concerning a pending or impending proceeding).[2] In Disciplinary Counsel v. O’Neill, 103 Ohio St.3d 204, 2004-Ohio-4704, 815 N.E.2d 286, ¶ 20, we held that former Judge Deborah O’Neill’s ex parte communications with a prosecutor following the reversal of a conviction she entered, in which she encouraged the prosecutor to file an appeal, violated Canon 3(B)(7), and in Disciplinary Counsel v. Medley, 104 Ohio St.3d 251, 2004-Ohio-6402, 819 N.E.2d 273, ¶ 10, 13, we held that former Judge William Medley’s communications with a *407 criminal defendant, in which the judge unilaterally negotiated and accepted a plea bargain in the absence of the prosecutor and defense counsel, violated Canon 1 (requiring a judge to uphold the integrity and independence of the judiciary), 2, 3(B)(7), and 4 (requiring a judge to avoid impropriety and the appearance of impropriety in all the judge’s activities) and DR 1-102(A)(5). More recently, in Disciplinary Counsel v. Plough, 126 Ohio St.3d 167, 2010-Ohio-3298, 931 N.E.2d 575, ¶ 10, we determined that former judge John Plough’s communications with a county prosecutor without the participation of defense counsel, in which the judge discussed his opposition to the assistant prosecutor’s proposed plea agreement, violated Canon 3(B)(7).
Jonathan E. Coughlan, Disciplinary Counsel, Lori J. Brown, Chief Assistant Disciplinary Counsel, and Karen H. Osmond, Staff Attorney, for relator.
Stephen S. Crandall, for respondent.
{¶ 89} In the instant case, disciplinary counsel did not charge respondent with a violation of the Ohio Rules of Professional Conduct in connection with an ex parte communication. What is disturbing is the cavalier attitude toward ex parte communication evidenced by counsel’s colloquy with a member of this court and the incredible representation that thousands of lawyers do the same thing.
{¶ 90} The Ohio Rules of Professional Conduct and the Ohio Code of Judicial Conduct prohibit ex parte communications unless otherwise authorized by the rules. Participating in unauthorized ex parte communications is prohibited conduct subject to sanction. Our adversarial system of justice is dependent upon attorneys who respect, understand, and adhere to the Ohio Rules of Professional Conduct and upon impartial jurists who strictly adhere to the Code of Judicial Conduct and who assertively resist ex parte engagements.
{¶ 91} The statements of counsel during the oral argument of this case, if true, are troubling and raise concerns about the conduct of those engaged in the practice of law in the Cuyahoga County Domestic Relations Court. Counsel and judges are reminded of their obligation to adhere to the Ohio Rules of Professional Conduct and the Ohio Code of Judicial Conduct in this regard and to avoid the appearance of impropriety.
O’Connor, C.J., and Lundberg Stratton, J., concur in the foregoing opinion.

. The Rules of Professional Conduct superseded these Disciplinary Rules of the Code of Professional Responsibility on February 1, 2007.

. These Canons were superseded by a new Code of Judicial Conduct on March 1, 2009.