IN RE DISQUALIFICATION OF SPITLER.

KOPRIVEC *v.* RAILS-TO-TRAILS OF WAYNE COUNTY.

[Cite as *In re Disqualification of Spitler,*
142 Ohio St.3d 76, 2014-Ohio-5875.]

(No. 14-AP-096—Decided December 18, 2014.)

_____

O'CONNOR, C.J.

{¶ 1} John K. Keller and Thomas H. Fusonie, counsel for plaintiffs, have filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Corey E. Spitler from case No. 11-CV-0083 in the Wayne County Court of Common Pleas.

{¶ 2} Affiants aver that they recently received an e-mail from defense counsel Bonnie Finley in which Finley stated that she was transmitting a proposed entry "[p]ursuant to the Court's request." The document attached to Finley's e-mail was a 17-page opinion and entry apparently drafted by Finley that, affiants allege, denies plaintiffs' motion for reconsideration and revises Judge Spitler's previous summary-judgment decision. According to affiants, they were not party to any communication with the court that could have led to Finley's e-mail or the proposed opinion. Affiants state that based on Finley's e-mail, it appears that Judge Spitler or his staff "communicated ex parte with Ms. Finley and delegated to her the task of drafting an extensive legal opinion." Citing *Disciplinary Counsel v. Stuard,* 121 Ohio St.3d 29, 2009-Ohio-261, 901 N.E.2d 788, affiants state that it is improper for a judge, on an ex parte basis, to delegate to a party the task of writing a legal opinion. Affiants conclude that although they are not asserting any intentional misconduct on the part of Judge Spitler, disqualification is necessary to "dispel the appearance of impropriety."

{¶ 3} Judge Spitler has responded in writing to the affidavit, explaining that a miscommunication occurred between him, his staff, and defense counsel. According to Judge Spitler, after he had decided that he would deny plaintiffs' motion for reconsideration, he instructed his secretary to contact defense counsel and ask them to draft a proposed order denying the motion for reconsideration and

declaring the parties' rights consistent with the court's summary-judgment decision. The judge's secretary did so in an e-mail to only defense counsel and not plaintiffs' counsel. Judge Spitler claims that he did not expect more than a one-page entry, nor did he ask defense counsel to make any substantive changes to his summary-judgment decision. Judge Spitler states that he did not approve Finley's proposed opinion and entry, he did not sign the document, and he has no intention of signing it. Notwithstanding the miscommunication, the judge avers that the underlying case has already been decided in defendant's favor and no appearance of impropriety exists.

{¶ 4} Defense counsel Finley has also submitted an affidavit setting forth her version of the events, and she attached to her affidavit copies of her e-mails with the judge's staff regarding the proposed entry.

{¶ 5} For the reasons explained below, no basis has been established to order the disqualification of Judge Spitler.

{¶ 6} "The proper test for determining whether a judge's participation in a case presents an appearance of impropriety is * * * an objective one. A judge should step aside or be removed if a reasonable and objective observer would harbor serious doubts about the judge's impartiality." *In re Disqualification of Lewis,* 117 Ohio St.3d 1227, 2004-Ohio-7359, 884 N.E.2d 1082, ¶ 8. Affiants are generally correct in that a judge's delegation of the drafting of proposed orders to one party through ex parte contacts *could* create the appearance of impropriety. As the Supreme Court of Florida explained:

> The judicial practice of requesting one party to prepare a proposed order for consideration is a practice born of the limitations of time. Normally, any such request is made in the presence of both parties or by a written communication to both parties. We are not unmindful that in the past, on some occasions, judges, on an ex parte basis, called only one party to direct that party to prepare an order for the judge's signature. The judiciary, however, has come to realize that such a practice is fraught with danger and gives the appearance of impropriety.

*Rose v. State,* 601 So.2d 1181, 1183 (Fla.1992). *See also* Flamm, *Judicial Disqualification,* Section 14.8, at 402 (2d Ed.2007) ("a judge's ex parte request that a party's counsel prepare an order is not calculated to foster an impression of judicial objectivity").

{¶ 7} However, in deciding whether an appearance of impropriety exists, "[t]he reasonable observer is presumed to be fully informed of all the relevant facts in the record—not isolated facts divorced from their larger context." *In re Disqualification of Basinger,* 135 Ohio St.3d 1293, 2013-Ohio-1613, 987 N.E.2d 687,

¶ 7. Moreover, it has long been held that "absent extraordinary circumstances, a judge will not be subject to disqualification after having presided over lengthy proceedings in a pending case." *In re Disqualification of Celebrezze,* 94 Ohio St.3d 1228, 1229, 763 N.E.2d 598 (2001). Here, the underlying case has been pending since 2011, and according to Judge Spitler, he has essentially already decided the case in defendant's favor. And in contrast to *Stuard,* 121 Ohio St.3d 29, 2009-Ohio-261, 901 N.E.2d 788—the case cited by affiants in which a judge in a capital case was disciplined for requesting an assistant prosecutor, through a series of ex parte contacts, to prepare the court's sentencing opinion—Judge Spitler requested defense counsel to draft a proposed *order* after the judge had already decided to deny plaintiffs' pending motion for reconsideration. The judge did not direct defense counsel to draft an *opinion* making substantive changes to his previous decision, and the judge affirms that he has no intention of filing Finley's proposed opinion and entry. Given Judge Spitler's explanation of his conduct and the e-mails submitted by Finley, there is no longer any mystery as to what occurred. The reasonable and objective observer—knowing all of the relevant facts—would not find that an appearance of impropriety currently exists.

{¶ 8} Thus, although Judge Spitler should have had his staff copy all counsel on the e-mail requesting defense counsel to draft the proposed order, no extraordinary circumstances presently exist warranting Judge Spitler's removal from deciding the few issues remaining in the case.

{¶ 9} Accordingly, the affidavit of disqualification is denied. The case may proceed before Judge Spitler.