OHIO STATE BAR ASSOCIATION *v.* VUKELIC.

[Cite as *Ohio State Bar Assn. v. Vukelic,*
102 Ohio St.3d 421, 2004-Ohio-3651.]

(No. 2004–0395—Submitted March 30, 2004—Decided July 28, 2004.)

———

**Per Curiam.**

{¶ 1} Respondent, David A. Vukelic of Steubenville, Ohio, Attorney Registration No. 0001077, was admitted to the practice of law in Ohio in 1977. On October 6, 2003, relator, Ohio State Bar Association, charged respondent with having committed professional misconduct in his capacity as a part-time magistrate in the Mayor's Court of Toronto, Ohio. A panel of the Board of Commission-

ers on Grievances and Discipline considered the cause on the parties' consent-to-discipline agreement. See Section 11 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg.").

{¶ 2} In addition to serving as a part-time magistrate, respondent also had a private law practice during the events at bar. On August 26, 2002, respondent filed a motion in the Columbiana County Court of Common Pleas on behalf of a domestic relations client. On October 31, 2002, while presiding in his capacity as magistrate, respondent's client in the pending domestic relations case appeared before him in mayor's court on two charges for the commission of criminal misdemeanors.

{¶ 3} Respondent realized that his client's court appearance presented a situation in which his impartiality might be legitimately questioned and from which he should disqualify himself. Respondent nevertheless failed to immediately transfer the cause to a different jurisdiction for resolution, allowing the case against his client to be discussed in his presence. The parties agreed and the panel found that respondent had thereby violated the Canon 3(E)(1) of the Code of Judicial Conduct, which requires a person functioning in a judicial capacity to disqualify himself where his impartiality might reasonably be questioned. The board adopted this finding of misconduct.

{¶ 4} The panel also considered the appropriate sanction for respondent's misconduct. Consistent with the parties' agreement, the panel found mitigating that respondent had no prior disciplinary record, had not acted dishonestly, had cooperated completely in the disciplinary process, and had a reputation for good character in his community. See BCGD Proc.Reg. 10(B)(2)(a), (b), (d), and (e). The panel found no aggravating features in respondent's case.

{¶ 5} The panel accepted the parties' suggestion that respondent be publicly reprimanded for his misconduct. The board adopted the panel's recommendation.

{¶ 6} We agree with the board's finding of misconduct and recommendation. Accordingly, respondent is hereby publicly reprimanded for having violated Canon 3(E)(1) of the Code of Judicial Conduct. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

———————

Eugene P. Whetzel and Bruce A. Campbell, for relator.

Charles W. Kettlewell and Charles J. Kettlewell, for respondent.