Per Curiam.
*1275 *618 {¶ 1} Respondent, Marla R. Holben, of Columbus, Ohio, Attorney Registration No. 0041198, was admitted to the practice of law in Ohio in 1989. Holben serves as a magistrate for the Franklin County Court of Common Pleas, Juvenile Division.
{¶ 2} In November 2017, relator, disciplinary counsel, charged Holben with judicial misconduct for failing to disqualify herself from three cases in which she had participated as a government lawyer prior to becoming a magistrate. Holben stipulated to the charged misconduct. After a hearing, a three-member panel of the Board of Professional Conduct dismissed one of the stipulated rule violations, found that Holben engaged in the remaining charged misconduct, and recommended that we publicly reprimand her. The board issued a report adopting the panel's findings and recommended sanction, and neither party has objected to the board's report.
{¶ 3} Based on our independent review of the record, we adopt the board's findings of misconduct and recommended sanction.
Misconduct
{¶ 4} The Code of Judicial Conduct applies to magistrates as well as judges. See Application, Section I(B), Code of Judicial Conduct. Jud.Cond.R. 2.11(A)(7)(b) requires a judge or magistrate who formerly served as a government lawyer to disqualify himself or herself from any particular matter in which he or she personally and substantially participated as a governmental attorney. A judge or magistrate subject to this rule "may disclose on the record the basis of the judge's disqualification and may ask the parties and their lawyers to consider, outside the presence of the judge and court personnel, whether to waive disqualification." Jud.Cond.R. 2.11(C). If the parties and lawyers agree, "without participation by the judge or court personnel, that the judge should not be *619 disqualified, the judge may participate in the proceeding," and the parties' agreement "shall be incorporated into the record of the proceeding." Id.
{¶ 5} Prior to becoming a magistrate in December 2015, Holben served for nine years as an attorney for Franklin County Children Services ("FCCS"). She has stipulated that in March and April 2016-less than six months into her new position as a juvenile-court magistrate-she presided over three cases in which she had previously participated personally and substantially as a lawyer for the agency. Holben also stipulated that she had failed to properly seek the parties' and attorneys' waiver of disqualification.
{¶ 6} For example, in one of those cases, Holben had represented FCCS for over two years in juvenile-court proceedings involving a mother with chronic drug-dependency issues. Holben had personally and substantially participated in the case by filing multiple motions regarding the custody of the mother's two minor children, including a request to place the children in the custody of their maternal grandparents, and by appearing and arguing positions adverse to the mother in eight hearings, including an annual-review hearing that resulted in the grandparents obtaining legal custody of one of the children.
{¶ 7} In April 2016, FCCS suspected that the same mother was again using drugs and requested the juvenile court to grant the agency a temporary order of protective supervision for one of the children. FCCS also filed a new complaint regarding the mother's third child, who was only one year old. By that time, Holben *1276 had commenced her employment as a juvenile-court magistrate. Although Holben was not initially assigned to the case, the magistrate who had been scheduled to preside over an April 29, 2016 preliminary hearing requested that she cover for him because he had formerly represented the father in the same proceeding. Despite Holben's prior involvement in the case-and despite the fact that the juvenile court employed seven magistrates to handle these cases-Holben agreed to hear the matter.
{¶ 8} When Holben commenced the preliminary hearing, the mother had not yet arrived. Holben disclosed to counsel that she had represented the agency on a different aspect of the case, but she did not request that the parties or counsel consider waiving her disqualification. FCCS requested a temporary order of protective supervision regarding both children, which would have authorized the agency to investigate and monitor the circumstances of the home without removing custody from the mother. The attorney for FCCS specifically argued that the agency "would like to work with Mother" and noted that the mother had submitted to a drug screen, with negative results, since the filing of the new allegations.
{¶ 9} The mother arrived late for the hearing, and Holben immediately recognized her. After the mother requested an attorney, Holben appointed the *620 same attorney who had previously represented the mother in the case, although the attorney had not attended the hearing. Holben advised the mother that if she wanted her attorney present, she could request a continuance after counsel for the other parties had the opportunity to state their requests for temporary orders. But after hearing from the attorneys, Holben failed to give the mother an opportunity to request a continuance or respond to their arguments. Instead, Holben issued a temporary order placing custody of the one-year-old child with FCCS, which was contrary to the agency's position at the hearing. According to the parties' stipulations, Holben's decision caused the mother to become extremely upset in the courtroom and less than two weeks later, a different magistrate vacated Holben's order and entered the order requested by the agency, which reunited the mother and child.
{¶ 10} At her disciplinary hearing, Holben explained that she issued the temporary order of custody based on the allegations in the complaint and her concern for the safety and well-being of the one-year-old child-not based on any knowledge from her prior involvement in the case. Holben also testified that she believed any other magistrate would have reached the same decision. Nonetheless, Holben acknowledged that she should not have presided over the preliminary hearing and that she similarly failed to recuse herself from two other cases in which she had participated personally and substantially as an attorney for FCCS. In addition, Holben admitted that although she had disclosed to the parties and counsel her prior involvement in those matters, she failed to follow the waiver procedures set forth in Jud.Cond.R. 2.11(C).
{¶ 11} Based on this conduct, the parties stipulated and the board found that Holben violated Jud.Cond.R. 1.2 (requiring a judge to act at all times in a manner that promotes public confidence in the independence, integrity, and impartiality of the judiciary and to avoid impropriety and the appearance of impropriety) and 2.11(A)(7)(b). We agree with the board's findings of misconduct.
Sanction
{¶ 12} When imposing sanctions for attorney misconduct, we consider all relevant factors, including the ethical duties that the lawyer violated, the aggravating and mitigating factors listed in *1277 Gov.Bar R. V(13), and the sanctions imposed in similar cases.
Aggravating and mitigating factors
{¶ 13} As aggravating factors, the board found that Holben committed multiple offenses and that her conduct caused harm to a vulnerable individual-the mother in the case noted above, who was effectively denied counsel and the opportunity to challenge the allegations made against her at the preliminary hearing. See Gov.Bar R. V(13)(B)(4) and (8).
*621 {¶ 14} In mitigation, the board determined that Holben has a clean disciplinary record, lacked a dishonest or selfish motive, cooperated in the disciplinary process, and submitted evidence of good character and reputation. See Gov.Bar R. V(13)(C)(1), (2), (4), and (5). The board noted that in the case detailed above, Holben seemed primarily motivated by safety concerns for the one-year-old child and that the record included multiple letters, including from two juvenile-court judges, attesting to Holben's honesty, integrity, compassion, fairness, and judicial temperament. The board also noted that Holben accepted responsibility for her actions and has implemented procedures to prevent this issue from recurring in the future. Specifically, Holben testified that she spends at least one hour a day researching cases on her docket to determine whether she had any prior involvement and that if she finds any participation, she automatically disqualifies herself from the matter.
Applicable precedent
{¶ 15} To support its recommended sanction, the board cited Disciplinary Counsel v. Oldfield , 140 Ohio St.3d 123, 2014-Ohio-2963, 16 N.E.3d 581, and Ohio State Bar Assn. v. Goldie , 119 Ohio St.3d 428, 2008-Ohio-4606, 894 N.E.2d 1226. In Oldfield , we publicly reprimanded a judge who violated Jud.Cond.R. 1.2 and 2.11(A) for failing to recuse herself from 53 cases assigned to a public defender who was then temporarily living with the judge and riding with the judge to the courthouse each day. In addition, the judge was a potential witness in a criminal case pending against the public defender. In Goldie , we publicly remanded a former judge who denied three defendants due process by flagrantly disregarding the law in sentencing matters.
{¶ 16} The board concluded that Holben's actions were no more egregious than the judicial misconduct in Oldfield and Goldie and therefore a public reprimand is also warranted here. We agree. By not disqualifying herself from cases in which she had participated personally and substantially as a government lawyer, Holben failed to promote public confidence in the independence, integrity, and impartiality of the judiciary. But she has since acknowledged the wrongfulness of her misconduct and appears dedicated to ensuring that it is not repeated. The board's recommended sanction is appropriate in this case. See also Ohio State Bar Assn. v. Vukelic , 102 Ohio St.3d 421, 2004-Ohio-3651, 811 N.E.2d 1127 (publicly reprimanding a part-time magistrate who failed to immediately recuse himself when one of his clients appeared before him on two misdemeanor charges).
Conclusion
{¶ 17} Marla R. Holben is hereby publicly reprimanded for violating Jud.Cond.R. 1.2 and 2.11(A)(7)(b). Costs are taxed to Holben.
Judgment accordingly.
O'Connor, C.J., and O'Donnell, Kennedy, French, Fischer, and DeGenaro, JJ., concur.
DeWine, J., not participating.