[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Disciplinary Counsel v. Porzio*, Slip Opinion No. 2020-Ohio-1569.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-1569

DISCIPLINARY COUNSEL *v.* PORZIO.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Disciplinary Counsel v. Porzio*, Slip Opinion No. 2020-Ohio-1569.]**

*Judges—Magistrates—Misconduct—Jud.Cond.R. 1.2, 2.9(A), and 2.11(A)—The Code of Judicial Conduct applies to magistrates as well as judges—Six-month suspension, fully stayed on conditions.*

(No. 2019-1746—Submitted January 29, 2020—Decided April 23, 2020.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2019-016.

_____

**Per Curiam.**

{¶ 1} Respondent, Barbara Porzio, of North Royalton, Ohio, Attorney Registration No. 0003203, was admitted to the practice of law in Ohio in 1979.

{¶ 2} In March 2019, relator, disciplinary counsel, charged Porzio with engaging in an improper ex parte communication and violating other rules of the

Code of Judicial Conduct while she served as a magistrate for the Lake County Court of Common Pleas. Porzio stipulated to the charges against her, and the parties jointly recommended that she receive a public reprimand for her misconduct. After a hearing before a three-member panel of the Board of Professional Conduct, the board issued a report finding that Porzio engaged in the stipulated misconduct and recommending that we impose a conditionally stayed six-month suspension. Neither party has objected to the board's report.

{¶ 3} Based on our review of the record, we adopt the board's findings of misconduct and recommended sanction.

**Misconduct**

{¶ 4} On August 2, 2017, Walter Gerino filed a petition for a civil stalking protection order against his neighbor, Paul Fish. The following day, Fish filed a counterpetition against Gerino. On August 16, 2017, Porzio, while serving as a magistrate, held a full hearing on both petitions. Gerino and Fish appeared pro se and both testified on their own behalf. After the close of evidence, Porzio requested that the parties exit the courthouse separately and that Fish leave first.

{¶ 5} After Fish walked out of the courtroom, Porzio engaged in a 23-minute conversation with Gerino and his witnesses. Porzio repeatedly criticized Fish and commented on his credibility. She stated that Mr. Fish was "such a liar," "made himself look like a fool," was "clueless," and acted "like he's 10 years old." She also discussed the evidence, explained the legal standard for obtaining a civil stalking protection order, and indicated how she intended to decide the matter— that is, early in her conversation with Gerino, she stated that neither party had proved his case.

{¶ 6} In addition to discussing substantive matters, Porzio made offhand and unnecessary comments about the parties' religions and ethnic backgrounds. For example, she stated, "[Fish] said he was a minister. What's the story with that? * * * A Christian minister even though he's Jewish" and "Do Jewish people have

2

halos? I think they have angels though, right? * * * The Catholics got lots of angels or uh * * * Halos." Porzio also used inappropriate slang and profanity, such as stating that some of Fish's testimony had been "such bull shit." She said to Gerino, "[A]t the end of this, who looked like * * * an asshole and who looked like a good guy?" At one point, Porzio left the courtroom to confront Fish, who had apparently remained seated in the hallway outside the courtroom. At that point, one of Gerino's witnesses stated, "She don't like him, does she?"

{¶ 7} A few months later, Porzio issued a magistrate's decision granting Gerino a five-year civil protection order and denying Fish's counterpetition—despite the fact that she had previously told Gerino that neither party had proved his case. At her disciplinary hearing, Porzio admitted that someone in Fish's position might assume that her ex parte communication with the opposing party had influenced her decision.

{¶ 8} "The Code of Judicial Conduct applies to magistrates as well as judges." *Disciplinary Counsel v. Holben*, 155 Ohio St.3d 618, 2018-Ohio-5097, 122 N.E.3d 1274, ¶ 4. The board found that Porzio's conduct violated three rules: Jud.Cond.R. 1.2, 2.9(A), and 2.11(A).

{¶ 9} Jud.Cond.R. 1.2 provides that "[a] judge shall act at all times in a manner that promotes public confidence in the independence, integrity, and impartiality of the judiciary, and shall avoid impropriety and the appearance of impropriety." The board found that Porzio's inappropriate comments and lack of proper judicial demeanor failed to promote public confidence in the independence, integrity, and impartiality of the judiciary and instead gave the appearance that she was biased against Fish. The appearance of impropriety created by her comments, the board concluded, "is enough, standing alone, to support a finding of a violation of Jud.Cond.R. 1.2."

{¶ 10} Jud.Cond.R. 2.9(A) prohibits a judge from initiating, receiving, permitting, or considering an ex parte communication, which is defined as "a

communication, concerning a pending or impending matter, between counsel or an unrepresented party and the court when opposing counsel or an unrepresented party is not present or any other communication made to the judge outside the presence of the parties or their lawyers." Jud.Cond.R. Terminology. The board found that because Porzio's communication with Gerino—after Fish had been excused from the courtroom—went beyond mere friendly conversation and veered into Porzio's views of the case and legal concepts, she violated Jud.Cond.R. 2.9(A).

{¶ 11} Jud.Cond.R. 2.11(A) requires a judge to "disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned." During Porzio's ex parte communication with Gerino, she discussed the evidence, her personal views on Fish's integrity, and how she intended to rule. Based on that conduct, the board found that her "impartiality most certainly could be reasonably questioned." But rather than remove herself from the case, Porzio continued to exercise her judicial authority and issued her decision. At her disciplinary hearing, she admitted that in preparing her decision, she had listened to the audio recording of her ex parte communication and that she should have recused herself before drafting the decision. The board concluded that Porzio therefore violated Jud.Cond.R. 2.11(A).

{¶ 12} We agree with the board's findings of misconduct.

## Sanction

{¶ 13} When imposing sanctions for attorney and judicial misconduct, we consider all relevant factors, including the ethical duties that the lawyer violated, the aggravating and mitigating factors listed in Gov.Bar R. V(13), and the sanctions imposed in similar cases.

{¶ 14} The board did not find the existence of any of the aggravating factors listed in Gov.Bar R. V(13)(B). The board stressed, however, that Porzio's casual comments on the parties' religions and her other offhand comments demonstrate

that she needs to better understand how her words might suggest actual or implicit bias—both in her position as a magistrate and as a practicing attorney.

{¶ 15} In mitigation, the board found that Porzio has a clean disciplinary record in over 40 years of practice, she lacked a dishonest or selfish motive, she had a cooperative attitude toward the disciplinary proceedings, and other penalties had been imposed for her misconduct—namely, she was terminated from her position as a magistrate. *See* Gov.Bar R. V(13)(C)(1), (2), (4), and (6). The board also cited Porzio's significant character evidence, including testimony from a former common pleas court judge and various character letters demonstrating her competence, professionalism, and integrity as a magistrate. *See* Gov.Bar R. V(13)(C)(5). Indeed, Porzio had served for about 30 years as a magistrate in three different courts, held officer positions in the Ohio Association of Magistrates, and taught numerous continuing-legal-education ("CLE") seminars for other magistrates. As the board noted, Porzio's mitigating evidence suggests that her conduct in this case was an aberration from her normal behavior. Finally, the board noted that Porzio expressed remorse at her disciplinary hearing by testifying that she was "horrified" at how she had acted and acknowledging that her conduct had been "wrong all the way around." The board also noted, however, that not all the hearing-panel members were convinced of the sincerity of Porzio's testimony.

{¶ 16} To support their recommended sanction of a public reprimand, the parties cited several judicial-discipline cases involving misconduct similar to that in this case, including *Holben*, 155 Ohio St.3d 618, 2018-Ohio-5097, 122 N.E.3d 1274 (publicly reprimanding a magistrate for failing to disqualify herself from three cases in which she had participated personally and substantially as a government lawyer prior to becoming a magistrate), and *Disciplinary Counsel v. Stuard*, 121 Ohio St.3d 29, 2009-Ohio-261, 901 N.E.2d 788 (publicly reprimanding a judge for engaging in ex parte communications with an assistant prosecutor in a capital case

that resulted in the prosecutor's preparation of a sentencing order without defense counsel's involvement).

{¶ 17} The board, however, recommends that we impose a conditionally stayed six-month suspension. The board found Porzio's ex parte announcement of her intended decision to be a strong factor weighing in favor of a suspension rather than a public reprimand. But based on Porzio's lengthy and unblemished service as a magistrate, her numerous hours dedicated to educating other magistrates, and her reference letters evidencing her strong character, the board recommends that the suspension be stayed on conditions, including that Porzio complete CLE courses on judicial ethics and bias.

{¶ 18} We agree with the board that a sanction greater than a public reprimand is warranted in this case. Porzio not only announced her intended decision to one party during a lengthy ex parte communication, she ridiculed the absent party, made inappropriate comments about the parties' religions, used profanity, and later failed to recuse herself from the case, despite having had the time to review the audio recording of her ex parte communication and reflect on how her actions might have reasonably created *at least* the appearance of partiality. Rather than promoting the evenhanded administration of justice, these actions erode the public's confidence in the integrity and impartiality of the judiciary.

{¶ 19} We also agree, however, that the significant mitigating evidence here—in addition to the fact that Porzio is no longer serving in any judicial capacity—weighs in favor of staying Porzio's entire suspension. We therefore adopt the board's recommended sanction. *See, e.g.*, *Disciplinary Counsel v. Elum*, 133 Ohio St.3d 500, 2012-Ohio-4700, 979 N.E.2d 289 (imposing a conditionally stayed six-month suspension on a judge for misconduct that included using vulgar and intemperate language toward a probationer, conducting that person's probation review without the presence of his counsel or the prosecutor, interceding in an

internal police-department investigation, and failing to recuse himself from a case relating to the investigation).

**Conclusion**

{¶ 20} Barbara Porzio is hereby suspended from the practice of law in Ohio for six months, with the entire suspension stayed on the conditions that (1) within six months of our disciplinary order, she complete four hours of CLE in the area of judicial ethics, with two of those hours relating to actual or implicit bias, in addition to the other requirements of Gov.Bar R. X and (2) she commit no further misconduct. If Porzio fails to comply with either condition, the stay will be lifted and she will serve the entire six-month suspension. Costs are taxed to Porzio.

Judgment accordingly.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

_____

Joseph M. Caligiuri, Disciplinary Counsel, for relator.

Kronenberg & Belovich Law, L.L.C., and Jacob A.H. Kronenberg, for respondent.

_____